## Commonwealth v. Schiewe

*Paul Joslin*, assistant district attorney, for Commonwealth.

*Thomas Doyle*, for defendant.

EVANS, J., December 24, 1940.—This matter appears before the court on a motion to quash summary proceed-

ings before Lyle W. Orr, alderman. The reasons assigned are that the alderman did not have jurisdiction of the cause. From the transcript we find that information was made before the alderman on August 25, 1940, charging defendant with reckless driving under The Vehicle Code of May 1, 1929, P. L. 905. Registered notice as required by said act was mailed on the same day to "Harvey Schiene", and because of the misspelled name was returned undelivered. On September 18, 1940, after investigation as to the proper name, another registered letter was mailed to Harry Schiewe and this notice was received. On September 21, 1940, defendant appeared and plead not guilty, and on September 27, 1940, a hearing was held at which time defendant and his attorney appeared and entered a defense on the merits. At the conclusion of the hearing defendant was adjudged guilty as charged, and sentenced to pay a fine of $10 and costs or serve three days in the county jail. Defendant's attorney immediately gave notice of appeal, which was later taken and allowed by the common pleas court.

Defendant, in his motion to quash, contends that the failure of the alderman to comply with the provisions of The Vehicle Code, section 1202 (a), requiring "within the period of 7 days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing," etc., deprives the alderman of jurisdiction to hear and decide the matter, and that the question of jurisdiction may be raised at any time during the proceedings, regardless of the fact that defendant submitted to his jurisdiction and went to trial on the merits.

As stated in Commonwealth v. Barnett, 199 Pa. 161, at page 177, "Objections to jurisdiction are of two classes between which there is a clear and well settled distinction, first those relating to the authority of the court over the subject-matter, and secondly those relating to its authority over parties. Objections of the first class cannot

be waived nor jurisdiction obtained by acquiescence. . . . But in the second class the rule is different. The party exempt from jurisdiction may waive his personal privilege, and if he does so the jurisdiction of the court is complete. . . . But if he waives his exemption and appears voluntarily, the jurisdiction of the court over him is thereafter beyond question."

Had defendant followed the remedy provided by the act permitting him to waive a summary hearing and give bond for appearance for trial before a judge of the court of quarter sessions, the question of jurisdiction could have been raised, and the failure of the alderman to comply with the provisions of The Vehicle Code could have been raised as a matter of law. The alderman did have jurisdiction of the subject matter, however, and defendant's appearance and defense on the merits waived any defects in the procedure in obtaining jurisdiction over him as the defendant party. He has now elected to appeal and submit the case on its merits before this court, thereby waiving any irregularity in his arrest: Commonwealth v. Wahle, 9 D. & C. 719.

And now, to wit, December 24, 1940, the rule to show cause why the proceedings in the above case should not be quashed is discharged.